# In the United States District Court
# for the District of Utah, Central Division

| | |
|---|---|
| PRO-FIT WORLDWIDE FITNESS, INC., an Island of Nevis corporation, and SPORTS HYGIENE, an Israeli partnership, by JOSEPH (YOSEF) and JACKIE (JAACOV) SIMSOLO, its general partners<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>FLANDERS CORPORATION, a North Carolina corporation, PRECISIONAIRE OF UTAH, INC., a Utah corporation, FLANDERS/PRECISIONAIRE, INC., a foreign corporation, PRECISIONAIRE, INC., a foreign corporation, AIRSEAL WEST, INC., a Utah corporation, and STEVEN K. CLARK, an individual, and HEALTHWORKS, INC., a foreign corporation or assumed name<br><br>　　　　　Defendants. | Case No: 2:00 CV 0985 G<br><br>**MEMORANDUM DECISION<br>and ORDER** |

This matter is before the Court on Defendants' Motion to Modify, Correct, and Clarify Arbitration Award and to Stay Confirmation Proceedings. The only issue in dispute is whether the pre-judgment interest portion of the award should be modified by this Court or the arbitrator due to alleged material miscalculations. That issue was taken under advisement.[1]

---

[1] The other issues are unnecessary to be discussed here, as all parties have resolved and settled those matters.

Now, after full consideration, the Court enters its Order denying Defendant's Motion to Modify, Correct and Clarify Arbitration Award.

### PROCEDURAL HISTORY

This action was originally filed with this Court in December, 2000. A more detailed recitation of the factual background of this case can be found in this Court's Memorandum Decision and Order on Motion for Summary Judgment dated September 17th, 2004. On the eve of trial in April 2005, the parties agreed to enter into binding arbitration to settle their disputes, and this Court issued an order staying the proceedings pending the award. Retired judge Scott Daniels conducted the arbitration, which consisted of a three-day hearing at the end of July, 2005. Mr. Daniels entered an award in favor of Plaintiffs ("Pro-Fit") and against Defendants ("Flanders") in the amount of $434,674. The award was broken-down as follows:

> $289,606 For lost profits from the breach of contract
> -$228,008 A setoff for the accounts payable
> $100,000 For loss of enterprise damages
> $200,000 Punitive damages (corporate defendants)
> $50,000 Punitive damages (Mr. Clark)
> <u>$73,076 Pre-judgment Interest</u>
> $484,674

Following the award, Flanders filed a "Motion to Arbitrator to Correct Computational Error." Essentially, Flanders argued that a mathematical error existed in the award of pre-judgment interest because the error was on the face of the award, thus requiring clarification or correction. The arbitrator denied Flanders motion, stating that "the AAA Rule does not allow the arbitrator to revise the award of interest" and that "'computational error means an error in arithmetic. It is not whether a party is legally entitled to interest or the date from which interest accrues."

Flanders now urges this Court to modify the award of pre-judgment interest based on an alleged material miscalculation by the arbitrator.

### STANDARD OF REVIEW

"[M]aximum deference is owed to the arbitrator's decision. In fact, the standard of review of arbitral awards 'is among the narrowest known to the law.'" *ARW Exploration Corp. v. Aguirre*, 45 F.3d 1455, 1462 (10th Cir. 1995) (citation omitted). "Because a primary purpose behind arbitration agreements is to avoid the expense and delay of court proceedings, it is well settled that judicial review of an arbitration award is very narrowly limited[.]" *Foster v. Turley*, 808 F.2d 38, 42 (10th Cir. 1986). "Errors in either the arbitrator's factual findings or his interpretation of the law (unless that interpretation shows a manifest disregard of controlling law) do not justify review or reversal on the merits of the controversy." *Denver & Rio Grande Western Railroad Co. v. Union Pacific Railroad Co.*, 119 F.3d 847, 849 (10th Cir. 1997).

### I.   THE ARBITRATOR'S PRE-JUDGEMENT INTEREST AWARD.

Flanders argues that the pre-judgment interest award of $73,076 should be modified or clarified based on an error in the arbitrator's calculation. Flanders relies on 9 U.S.C. § 11(a), which allows modification by the Court, "[w]here there is a material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award." 9 U.S.C. § 11(a) (2005). Flanders further relies on two cases from other jurisdictions to support its argument that an award of prejudgment interest is a material miscalculation. *In Transnitro, Inc. v. M/V Wave*, 943 F.2d 471, (4th Cir. 1991), the district court

reduced an arbitration award of interest based on a miscalculation in the amount of interest earned. The Fourth Circuit affirmed the district court's modification, stating that erroneous interest calculations were within the exceptions covered under 9 U.S.C. § 11. *Id*. Similarly, in *Schilling v. Allstate Insurance Co.*, 980 P.2d 1014, 1016 (Idaho 1999), the Idaho Supreme Court, interpreting an arbitration statute parallel to the FAA, determined that the district court did not err in modifying the arbitration award to include prejudgment interest because: "the arbitration panel did not correctly calculate the correct amount of the total award, for it failed to include prejudgment interest in the award . . . The amount of prejudgment interest on the award from the date of the injury was readily calculable by the arbitrators."

In response, Pro-Fit points to the general rule which interprets the federal arbitration act, Rule 11(a) strictly. Thus, in *Apex Plumbing Supply, Inc. v. U.S. Supply Co., Inc.*, 142 F.3d 188, 194 (4th Cir. 1998), the court stated: "Courts have construed literally the language of Section 11 relating to miscalculation of figures or misdescription of property as a ground for modification of an arbitration award. Where no mathematical error appears on the face of the award an arbitration award will not be altered." (citations and alterations omitted) (affirming the arbitrator's award "because even if the claimed miscalculation of the inventory's value constituted a material mistake the miscalculation was not evident because it does not appear on the face of the arbitration award." *Id*. at 193 (quotations omitted)).

In further response, Pro-Fit points to a U.S. District Court decision in this jurisdiction, *Jeppsen v. Piper, Jaffray & Hopwood Inc.*, 879 F.Supp. 1130, 1133 (D.Utah 1995), which involved a motion to modify or correct an arbitration award favoring a securities brokerage customer. The arbitrator's award granted damages plus pre-judgment interest at the

Case 2:00-cv-00985-JTG   Document 193   Filed 04/20/06   Page 5 of 8

rate of 10% per annum. *Id*. at 1139. Defendant argued that the arbitrators exceeded their powers by awarding interest on the trebled amount, rather than only on the actual compensatory amount, and also by substituting Minnesota's interest rate for Utah's. The district court denied the motion to modify or correct the award, and found no reason to modify the arbitrator's interest award where "[t]he legal theories argued to the arbitration panel provided an arguable basis for awarding interest." *Id*. The court went on to rule that, "[m]istakes in the application or interpretation of the law are not grounds to vacate the award." *Id*.

Clearly, the court in *Jeppson* regarded the decision to award pre-judgment interest as a legal issue, not merely a mathematical miscalculation. *See also U.S. Energy Corp. V. Nukem*, 162 F.3d 1175 (unpublished opinion) wherein the court refused to modify the arbitrator's award, stating that "even if the panel's logic for using gross profits is flawed, the arbitrator's damages calculation does not evince a 'manifest disregard for the law.' A mistake of fact or misinterpretation of law is not enough to warrant reversal."; *see also Cal-Circuit Abco, Inc. v. Solbourne Computer, Inc.*, 848 F.Supp. 1506, 1510 (D.Colorado 1994) (denying argument that arbitrator had no basis for calculating the amount of damages where the arbitrator's award was remarkably close to the amount identified in damages at the hearing). Similar to the decision in *Jeppson*, and the other cases cited, The Utah Supreme Court has held that the decision to award prejudgment interest is a question of law. *See Saleh v. Farmers Ins. Exchange*, 2006 WL 744261 (Utah 2006); *Smith v. Fairfax Realty, Inc.*, 2003 UT 41, ¶16, 82 P.3d 1064.

We agree with *Jeppson, Apex*, *Saleh* and *Smith*. This Court finds that the pre-judgment interest issue in this case is a question of law and therefore cannot be regarded as merely a mathematical miscalculation. Moreover, revising the interest award would go to the

5

merits of the case and therefore would be prohibited under the FAA. *See U.S. Energy Corp.*, 162 F.3d 1175, 5 (stating that "[a] court may not modify or correct an award pursuant to § 11 if it would affect the merits of the controversy." (citing 9 U.S.C. § 11(c)).

Courts are generally unwilling to disturb the arbitrator's award given the very narrow and deferential standard of review for arbitration awards. In the case at bar, this Court finds and determines that the arbitrator's decision to award pre-judgment interest constitutes a legal determination and that revision would or could alter the merits of the case.

A.  **The Arbitrator Did Not Commit Error Which Was Evident On The Face Of The Award. Thus, The Pre-judgment Interest Award Should Not Be Modified.**

Even if this Court were to view the decision to award pre-judgment interest as a factual issue, the arbitrator did not commit error in awarding pre-judgment interest. Flanders argues that there are two material miscalculations on the face of the award: 1) the award of pre-judgment interest on lost profits, which should not have been awarded because the damages could not be calculated with mathematical accuracy; and 2) the time period used to calculate the interest on lost profits, July 11, 2000 was before Pro-Fit could have earned lost profits.

Importantly, the parties agreed that the Rules of the American Arbitration Association would govern the arbitration. Those rules state that "[t]he arbitrator may grant any remedy or relief that the arbitrator deems just and equitable and within the scope of the agreement of the parties. . ." Commercial Arbitration Rules, R-43(a) (2005). Further, the AAA rules provide that "[t]he award of the arbitrator(s) may include: (I) *interest at such rate* and *from such date as the arbitrator(s) may deem appropriate*[.]" Commercial Arbitration Rules, R-

43(d)(I) (emphasis added). Thus, according to the agreement made by the parties, the arbitrator was entitled to award damages, including interest, on any cause of action, including lost profits. In this regard, it is clear that Utah has never provided a blanket ban on including pre-judgment interest in lost profit cases. *See Canyon Country Store v. Bracey*, 781 P.2d 414, 421 (Utah 1989) ("The analysis in determining the appropriateness of a prejudgment interest award is whether a claim such as lost profits is ascertainable with mathematical accuracy.").

The arbitrator identified the date of July 11, 2000 as the initial date of the contractual breach and it appears that his decision to award pre-judgment interest from that date may have been based at least in part on additional facts not mentioned in Flanders motion.[2] Regardless, given Flanders' agreement to abide by the AAA rules, Flanders could have foreseen because of the AAA rules that the arbitrator could award interest and determine the date from which it would begin to accrued. *See Jeppsen*, 879 F.Supp. at 1137 ("[t]hose who choose to resolve a dispute by arbitration can expect no more than they have agreed."). Under the AAA rules, an arbitrator is free to award interest from any date at any rate that he or she deems appropriate. Under the parties' agreement to abide by the AAA rules, Flanders has no justification for complaining of the interest award.

Based upon the foregoing, this Court finds and rules that the arbitrator's award, granting pre-judgment interest as to the lost-profits cause of action, and further determining that interest should begin to accrue from the July date, does not constitute a "manifest disregard for

---

[2]Because this was an arbitration proceeding, there are no transcripts for us to review. Moreover, reviewing transcripts would appear to involve looking into the merits of the decision, rather than finding a material miscalculation evident from the face of the arbitrator's decision.

the law" and is not an error evident <u>on the face</u> of the award.

      Accordingly, it is hereby:

      ORDERED, that Flanders Motion to Modify, Correct, and Clarify Arbitration Award, on the pre-judgment interest issue, is denied.

      No costs or attorney's fees are awarded.

      DATED this ____ day of April, 2006.

_____
J. THOMAS GREENE
UNITED STATES DISTRICT JUDGE